UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER D. HERNANDEZ (#364043),

                              CASE NO. 2:11-CV-10407
          Plaintiff,        JUDGE PATRICK J. DUGGAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

DETROIT-WAYNE COUNTY
COMMUNITY MENTAL HEALTH
AGENCY and NURSE CHEETUM,

         Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S OCTOBER 12, 2011 MOTION FOR DEFAULT JUDGMENT
(Doc. Ent. 22)**

**I.**    **RECOMMENDATION:** The Court should deny plaintiff's October 12, 2011 motion for default judgment. Doc. Ent. 22.

**II.**    **REPORT:**

Plaintiff Christopher D. Hernandez (#09-016542 (WCJ) / #364043 (MDOC)) is currently incarcerated at the Carson City Correctional Facility (DRF). Hernandez filed the instant pro se, prisoner civil rights complaint on February 1, 2011 while incarcerated at the Wayne County Jail (WCJ). Doc. Ent. 1 at 1-4. Defendants are the Detroit-Wayne County Community Mental Health Agency (DWCCMHA) and Nurse Cheetum. Doc. Ent. 1 at 3-4.[1]

On October 12, 2011, plaintiff filed a motion for default judgment. Doc. Ent. 22.

---

[1]Approximately two weeks later - on February 16, 2011 - Hernandez filed *Hernandez v. City of Detroit, et al.* (Case No. 2:11-cv-10625-LPZ-RSW). On June 27, 2011, Judge Zatkoff entered an order of dismissal and a judgment.

1

Therein, he seeks entry of judgment against defendants in the amount of $25,000 plus interest in accordance with Mich. Comp. Laws § 600.6013 ("Interest rate on judgment; settlement").  Doc. Ent. 22 at 1.

Entry of a *default* is governed by Fed. R. Civ. P. 55(a), which provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a) ("Entering a Default.").  Entry of a *default judgment* is governed by Fed. R. Civ. P. 55(b), which provides in part that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  Fed. R. Civ. P. 55(b)(1) ("By the Clerk.").  Rule 55(b) also provides that:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. . . .

Fed. R. Civ. P. 55(b)(2) ("By the Court.").

The Court should deny plaintiff's October 12, 2011 motion for default judgment.  Doc. Ent. 22).  First, each defendant has appeared in this case.  *See* Doc. Ent. 6 (Cheetum's February 28, 2011 answer); Doc. Ent. 12 (defense counsel's March 28, 2011 appearance on behalf of defendant Wayne County); Doc. Ent. 14 (defendants' Cheetum and DWCCMHA's May 23, 2011 response); and Doc. Ent. 15 (defendants' Cheetum and DWCCMHA's May 23, 2011 ex-parte motion to enlarge time to file dispositive motion / amend scheduling order date).

Second, plaintiff's motion argues the merits of his case and does not explain why entry of a default judgment is warranted. For example, plaintiff alleges that Cheetum "is a nurse[,] not a doctor and gave [him] medication that was not his in [excessive] amounts[.]" According to plaintiff, Cheetum "could have killed or wors[e] dam[a]ged [plaintiff] for life[.]" Plaintiff also claims that Cheetum "verbal[l]y abused [him][,] violating [his] rights[.]"[2]

In other words, plaintiff has not shown that either defendant "has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401

---

[2]Michigan's Mental Health Code is Chapter 330 of Mich. Comp. Laws. Within Chapter 330, Chapter 2 (Mich. Comp. Laws §§ 1200 - 1246) concerns "Community Mental Health Services Programs" and Chapter 7 (Mich. Comp. Laws §§ 1700 - 1758) concerns "Rights of Recipients of Mental Health Services."

Plaintiff's October 12, 2011 motion cites portions of Michigan's Mental Health Code - such as Mich. Comp. Laws § 330.1719 ("Psychotropic drug treatment, duties of provider or licensed health professional"), § 330.1722 ("Abuse or neglect of mental health service recipients"), § 330.1744 ("Restriction of recipient's freedom of movement; notation in records; removal of restriction"). *See* Doc. Ent. 22 at 2; *see also* Mich. Comp. Laws § 330.1708 ("Standard for mental health services") (Subsection (4) of which provides, "[a] recipient has the right to be treated with dignity and respect.").

(6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 10/21/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on October 21, 2011.
>
> s/Eddrey Butts  
> Case Manager