UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER D. HERNANDEZ,

      Plaintiff,

v.

Case No. 11-10407
Honorable Patrick J. Duggan

DETROIT-WAYNE COUNTY
COMMUNITY MENTAL HEALTH
AGENCY and NURSE CHEETUM,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On February 1, 2011, Plaintiff commenced this civil rights action against Defendants Detroit-Wayne County Community Mental Health Agency and Nurse Cheetum alleging that his constitutional rights were violated while he was incarcerated at the Wayne County Jail. On October 12, 2011, Plaintiff filed a motion for default judgment. The Court has referred the matter to Magistrate Judge Paul J. Komives for all pretrial proceedings.[1] (Doc. 7.)

---

[1] In his pending objections, Plaintiff expresses confusion as to which judge is "in control of the findings in this case," as the names of different judges appear on filings. As indicated, this Court has referred the matter to Magistrate Judge Komives for all pretrial matters. Thus Magistrate Judge Komives and the undersigned may make findings in this matter, although some of the magistrate judge's findings may be subject to this Court's review upon objection. *See* 28 U.S.C. § 636(b). The powers of the magistrate judge are set forth in 28 U.S.C. § 636. If this matter proceeds to trial, the undersigned will conduct the proceedings unless the parties consent to Magistrate Judge Komives

(continued...)

On October 21, 2011, Magistrate Judge Komives issued a Report and Recommendation (R&R) with respect to Plaintiff's motion. (Doc. 24.) Reasoning that Defendants have appeared in the case, Magistrate Judge Komives recommends that this Court deny the motion. Magistrate Judge Komives specifically refers to the following as reflecting Defendants' appearances in the matter:

> Doc. Ent. 6 (Cheetum's February 28, 2011 answer); Doc. Ent. 12 (defense counsel's March 28, 2011 appearance on behalf of defendant Wayne County); Doc. Ent. 14 (defendants' Cheetum and DWCCMHA's May 23, 2011 response); and Doc. Ent. 14 (defendants' Cheetum and DWCCMHA's May 23, 2011 ex parte motion to enlarge time to file dispositive motion/amend scheduling order date).

(R&R at 2.) At the conclusion of his R&R, Magistrate Judge Komives informs the parties that they must file any objections to the R&R within fourteen days. (*Id*. at 3-4.) Plaintiff filed objections on November 3, 2011.

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith*

---

¹(...continued)
exercising jurisdiction. *See id*. § 636(c). The Court notes, however, that Defendants have made a jury demand. (*See* Doc. 6.)

*v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

In his objections, Plaintiff indicates that he was not served with a copy of the responsive pleadings identified in the R&R (*see supra*). The pleadings, however, contain a certificate of service in which defense counsel verifies that copies where provided to Plaintiff.[2] In any event, whether Plaintiff received the pleadings is not dispositive of Plaintiff's motion for default judgment, as this Court finds that Defendants in fact have responded to the Complaint.

Contrary to Magistrate Judge Komives' analysis, this Court does not believe that a party can avoid a default judgment simply by entering his or his representative's appearance in the case. *See* Fed. R. Civ. P. 55(a) (providing that the clerk must enter the party's default when that party "has failed to plead or otherwise defend"). Rather, the party must answer or otherwise respond to the complaint. *See id.*; *see also* Fed. R. Civ. P. 12 (describing and setting forth rules regarding responsive pleadings). Nevertheless, and contrary to Magistrate Judge Komives' finding, it is not clear to this Court due to defense counsel's sloppiness that the Answer filed on February 28, 2011, was on behalf of

---

[2]The Court accepts Plaintiff's representation that he never received copies of these pleadings. Therefore, the Court is re-serving Plaintiff with copies of those pleadings with his copy of this Opinion and Order.

3

Defendant Cheetum, only.[3]  Rule 8(e) of the Federal Rules of Civil Procedure instructs that "[p]leadings must be construed so as to do justice."

Therefore, the Court is construing the Answer as having been filed on behalf of both defendants and is concluding that both defendants have responded to the Complaint. Plaintiff fails to present any arguments in his objections to otherwise demonstrate that he is entitled to a default judgment. As such, the Court agrees with Magistrate Judge Komives that Plaintiff's motion for default judgment must be denied.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for default judgment is **DENIED**.

Date:  November 30, 2011              s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that Defendants' filings in this case have been sloppy– the pleadings themselves and defense counsel's docket entries identifying what is being filed.  For example, the docket entry made with the filing of the Answer on February 28, 2011, states that it is the Answer by Detroit-Wayne County Community Mental Health Agency; however, the Answer itself is titled "Answer, Affirmative Defenses, Jury Demand & Appearance *for Defendant Cheetum*."  (Doc. 6 (emphasis added).)  The pleading interchangeably refers to "Defendants" and then "Defendant." (*Id*.)  The "Appearance" filed with the Answer then states that the attorney is entering her appearance on behalf of Defendant Cheetum, only.  (*Id*.)  As an additional example, when current defense counsel's appearance was entered, the following docket entry was made: "ATTORNEY SUBSTITUTION for Cheetum: Dia C. Mason added. Attorney Dia C. Mason terminated. Karie Boylan appears on behalf of Dia C. Mason." (*See* Doc. 12.)  The document itself states that counsel is entering her appearance "on behalf of Defendant Wayne County . . ." (*Id*.)  Further reflecting defense counsel's sloppy handling of this matter is the fact that, despite seeking and receiving an extension of the deadline to file a dispositive motion (*see* Doc. 17), Defendants did not file a dispositive motion before the cut-off date.

4

Copies to:
Christopher D. Hernandez, #364043
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-9746

Karie H. Boylan, Esq.