UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER D. HERNANDEZ,

      Plaintiff,

                                 Case No. 11-10407
v.                              Honorable Patrick J. Duggan

DETROIT-WAYNE COUNTY
COMMUNITY MENTAL HEALTH
AGENCY and NURSE CHEETUM,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On February 1, 2011, Plaintiff commenced this civil rights action against

Defendants Detroit-Wayne County Community Mental Health Agency and Nurse

Cheetum alleging that his constitutional rights were violated while he was incarcerated at

the Wayne County Jail.  On October 12, 2011, Plaintiff filed a motion for default

judgment.  The Court has referred the matter to Magistrate Judge Paul J. Komives for all

pretrial proceedings.[1]  (Doc. 7.)

---

   [1]In his pending objections, Plaintiff expresses confusion as to which judge is "in control of the findings in this case," as the names of different judges appear on filings. As indicated, this Court has referred the matter to Magistrate Judge Komives for all pretrial matters.  Thus Magistrate Judge Komives and the undersigned may make findings in this matter, although some of the magistrate judge's findings may be subject to this Court's review upon objection.  *See* 28 U.S.C. § 636(b).  The powers of the magistrate judge are set forth in 28 U.S.C. § 636.  If this matter proceeds to trial, the undersigned will conduct the proceedings unless the parties consent to Magistrate Judge Komives

(continued...)

On October 21, 2011, Magistrate Judge Komives issued a Report and

Recommendation (R&R) with respect to Plaintiff's motion.  (Doc. 24.)  Reasoning that

Defendants have appeared in the case, Magistrate Judge Komives recommends that this

Court deny the motion.  Magistrate Judge Komives specifically refers to the following as

reflecting Defendants' appearances in the matter:

> Doc. Ent. 6 (Cheetum's February 28, 2011 answer); Doc. Ent. 12 (defense
> counsel's March 28, 2011 appearance on behalf of defendant Wayne
> County); Doc. Ent. 14 (defendants' Cheetum and DWCCMHA's May 23,
> 2011 response); and Doc. Ent. 14 (defendants' Cheetum and DWCCMHA's
> May 23, 2011 ex parte motion to enlarge time to file dispositive
> motion/amend scheduling order date).

(R&R at 2.)  At the conclusion of his R&R, Magistrate Judge Komives informs the

parties that they must file any objections to the R&R within fourteen days.  (*Id*. at 3-4.)

Plaintiff filed objections on November 3, 2011.

When objections are filed to a magistrate judge's report and recommendation on a

dispositive matter, the Court "make[s] a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons

it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich.

2001) (citations omitted). A party's failure to file objections to certain conclusions of the

report and recommendation waives any further right to appeal on those issues. *See Smith*

---

¹(...continued)
exercising jurisdiction.  *See id*. § 636(c).  The Court notes, however, that Defendants have
made a jury demand.  (*See* Doc. 6.)

*v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise,

the failure to object to certain conclusions in the magistrate judge's report releases the

Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S.

140, 149, 106 S. Ct. 466, 472 (1985).

In his objections, Plaintiff indicates that he was not served with a copy of the

responsive pleadings identified in the R&R (*see supra*).  The pleadings, however, contain

a certificate of service in which defense counsel verifies that copies where provided to

Plaintiff.[2]  In any event, whether Plaintiff received the pleadings is not dispositive of

Plaintiff's motion for default judgment, as this Court finds that Defendants in fact have

responded to the Complaint.

Contrary to Magistrate Judge Komives' analysis, this Court does not believe that a

party can avoid a default judgment simply by entering his or his representative's

appearance in the case. *See* Fed. R. Civ. P. 55(a) (providing that the clerk must enter the

party's default when that party "has failed to plead or otherwise defend").  Rather, the

party must answer or otherwise respond to the complaint. *See id*.; *see also* Fed. R. Civ. P.

12 (describing and setting forth rules regarding responsive pleadings).  Nevertheless, and

contrary to Magistrate Judge Komives' finding, it is not clear to this Court due to defense

counsel's sloppiness that the Answer filed on February 28, 2011, was on behalf of

---

[2]The Court accepts Plaintiff's representation that he never received copies of these
pleadings.  Therefore, the Court is re-serving Plaintiff with copies of those pleadings with
his copy of this Opinion and Order.

Defendant Cheetum, only.[3]  Rule 8(e) of the Federal Rules of Civil Procedure instructs

that "[p]leadings must be construed so as to do justice."

Therefore, the Court is construing the Answer as having been filed on behalf of

both defendants and is concluding that both defendants have responded to the Complaint.

Plaintiff fails to present any arguments in his objections to otherwise demonstrate that he

is entitled to a default judgment. As such, the Court agrees with Magistrate Judge

Komives that Plaintiff's motion for default judgment must be denied.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for default judgment is **DENIED**.


Date:  November 30, 2011                          s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

---

[3]The Court notes that Defendants' filings in this case have been sloppy– the pleadings
themselves and defense counsel's docket entries identifying what is being filed.  For
example, the docket entry made with the filing of the Answer on February 28, 2011,
states that it is the Answer by Detroit-Wayne County Community Mental Health Agency;
however, the Answer itself is titled "Answer, Affirmative Defenses, Jury Demand &
Appearance *for Defendant Cheetum*."  (Doc. 6 (emphasis added).)  The pleading
interchangeably refers to "Defendants" and then "Defendant."  (*Id*.)  The "Appearance"
filed with the Answer then states that the attorney is entering her appearance on behalf of
Defendant Cheetum, only.  (*Id*.)  As an additional example, when current defense
counsel's appearance was entered, the following docket entry was made: "ATTORNEY
SUBSTITUTION for Cheetum: Dia C. Mason added. Attorney Dia C. Mason terminated.
Karie Boylan appears on behalf of Dia C. Mason."  (*See* Doc. 12.)  The document itself
states that counsel is entering her appearance "on behalf of Defendant Wayne
County . . ."  (*Id*.)  Further reflecting defense counsel's sloppy handling of this matter is
the fact that, despite seeking and receiving an extension of the deadline to file a
dispositive motion (*see* Doc. 17), Defendants did not file a dispositive motion before the
cut-off date.

5

Copies to:
Christopher D. Hernandez, #364043
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-9746

Karie H. Boylan, Esq.