UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER D. HERNANDEZ,

      Plaintiff,

                                   Case No. 11-10407

v.                                   Honorable Patrick J. Duggan

DETROIT-WAYNE COUNTY
COMMUNITY MENTAL HEALTH
AGENCY and NURSE CHEETUM,

      Defendants.
_____/

**OPINION AND ORDER (1) DENYING AS MOOT PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT; AND (2) DENYING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

On February 1, 2011, Plaintiff commenced this civil rights action against

Defendants Detroit-Wayne County Community Mental Health Agency and "Nurse

Cheetum" (collectively "Defendants") alleging that his constitutional rights were violated

while he was incarcerated at the Wayne County Jail.  On March 28, 2012, Defendants

filed a motion for summary judgment which this Court referred to Magistrate Judge Paul

Komives for report and recommendation.  On January 24, 2013, Magistrate Judge

Komives directed Plaintiff to respond to Defendants' motion by February 15, 2013.[1]

---

[1]The deadline imposed for Plaintiff's response was so long after the filing of the motion because, in the interim, counsel was appointed for Plaintiff, a request for leave to file an amended complaint was granted (although no amended pleading was ever filed), and appointed counsel filed a motion to withdraw that was subsequently granted.

Plaintiff never filed a response and, on March 4, 2013, Magistrate Judge Komives issued a report and recommendation ("R&R") in which he recommended that this Court grant Defendants' motion. Magistrate Judge Komives also advised the parties that any objections to the R&R had to be filed within fourteen days. Neither party filed objections to the R&R and on March 26, 2013, this Court entered an opinion and order adopting the magistrate judge's recommendation. On the same date, the Court entered a judgment dismissing Plaintiff's Complaint with prejudice.

Two months later, this Court received two motions from Plaintiff: (1) a motion for leave to file an amended complaint, and (2) a motion for more time to respond to Defendants' summary judgment motion. Plaintiff signed and dated the first motion on May 21, 2013, and the second motion on May 28, 2013. For the reasons that follow, the Court denies Plaintiff leave to file an amended complaint and denies as moot his motion for more time to respond to Defendants' summary judgment motion.

A post-judgment motion for leave to amend a complaint is governed by the same standard as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010). Under Rule 59, a court may alter or amend the judgment if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "A claimant who seeks to amend a complaint after losing

the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar*, 616 F.3d at 617.  Plaintiff fails to satisfy this standard.

The only explanation Plaintiff provides in his motion for why he now seeks to file an amended complaint is that since the filing of the action, he "has determined that the names of the defendants are Nurse Tango Cheatham, the Detroit-Wayne County Mental Health Agency, the City of Detroit in the State of Michigan, and the State of Michigan." (Pl.'s Mot. for Leave to Amend ¶ 2.)  Nurse Cheatham's full name and its correct spelling have been disclosed since at least March 28, 2012, when her affidavit was submitted in support of Defendants' summary judgment motion. Moreover, in its March 26, 2013 opinion and order adopting Magistrate Judge Komives' R&R, the Court concluded that Plaintiff failed to create a genuine issue of material fact as to whether Nurse Cheatham was deliberately indifferent to his serious medical needs or retaliated against him because he engaged in protected conduct.  (ECF No. 42 at 2.)  Her full name and how it is spelled has no impact on that decision.

As to the remaining defendants, Plaintiff named the Detroit-Wayne County Mental Health Agency in his Complaint.  He fails to identify any theory for holding the City of Detroit or the State of Michigan liable and he did not attach a proposed amended complaint to the motion.  In any event, it would be futile for Plaintiff to amend his Complaint to add these defendants where the Court already has concluded that he failed to demonstrate a violation of his constitutional rights.

In short, the Court finds no reason to upset its prior judgment to allow Plaintiff to now file an amended complaint.  As the Court already ruled on Defendants' summary

judgment motion, Plaintiff's motion for an enlargement of time to respond to the motion is moot.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 44) is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion (ECF No. 45) for Enlargement of Time to Respond to Defendants' Motion for Summary Judgment is **DENIED AS MOOT**.

Date:  June 5, 2013                       s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Christopher D. Hernandez, #364043
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

Aaron C. Thomas, Esq.